UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In Re:<br>NOTTINGHAM VILLAGE<br>DEVELOPMENT CORPORATION,<br><br>Debtor | AFFIDAVIT IN SUPPORT<br>OF ISSUANCE OF<br>ORDER TO<br>SHOW CAUSE<br><br>Case No. 09-13311 |
| MARC S. EHRLICH, TRUSTEE,<br><br>Plaintiff<br>against<br><br>FRIAR TUCK RESORTS, INC., FRIAR TUCK INN<br>OF THE CATSKILLS, INC. and BUCKINGHAM<br>VILLAGE RESORTS, INC.,<br>Defendants | Adv. Case No. |

MARC S. EHRLICH, ESQ., being duly sworn, deposes and says:

1. I am the Chapter 7 Trustee in the above-referenced Chapter 7 bankruptcy case and make this affidavit in support of the Trustee's application for an Order directing defendants Friar Tuck Resorts, Inc., Friar Tuck Inn of the Catskills, Inc., and Buckingham Village Resorts to show cause why an Interim Order should not be entered determining that the Trustee of Nottingham Village Development Corporation is the sole shareholder, or in the alternative, majority shareholder of each of the three defendant corporations and to show cause why defendants Friar Tuck Resorts, Inc., Friar Tuck Inn of the Catskills, Inc., and Buckingham Village Resorts should not immediately cease operation pending a final determination of the issues raised in this adversary proceeding.

2. The source of my knowledge for this affidavit is a review of documents collected from various independent sources in furtherance of my duties as Chapter 7 Trustee and a field visit to the Friar Tuck Resort.

3. This Application for this Order to Show Cause seeks the immediate closure and cessation of all business operations by defendants Friar Tuck Resorts, Inc., Friar Tuck Inn of the Catskills, Inc, and Buckingham Village Resorts, Inc. pending a final determination of the instant adversary proceeding

4. If the Trustee prevails on this Application, the remaining pieces of the time share resort would cease operation pending a final determination of the instant adversary proceeding and the shares of Friar Tuck Resorts, Inc., Friar Tuck Inn of the Catskills, Inc, and Buckingham Village Resorts, Inc. would be put up for sale by the Trustee.

## BACKGROUND

5. Nottingham Village Development Corporation (hereinafter referred to as the "Nottingham") is the debtor herein.

6. Nottingham filed a Chapter 11 petition on September 2, 2009. The case was converted from Chapter 11 to Chapter 7 on May 26, 2010.

7. This adversary proceeding was commenced by the Trustee on August 27, 2010. A copy of the Adversary Complaint is annexed to this affidavit.

8. Nottingham was one corporation of a series of interrelated entities operated by Rosario Caridi and Ricky Caridi, Jr., which collectively operated a time share resort facility in Greene County, New York commonly known as and referred to as Friar Tuck. The three (3) interrelated entities are the three (3) defendants herein: Friar Tuck Resorts, Inc., Friar Tuck Inn of the Catskills, Inc, and Buckingham Village Resorts, Inc.

9. Friar Tuck Inn of the Catskills, Inc. filed a Chapter 11 petition on September 2,

2009. (Case No. 09-13312) which was subsequently dismissed by the Court.

10. Friar Tuck Resorts, Inc. and Buckingham Village Resorts, Inc. are domestic corporations. Upon information and belief, neither entity has filed bankruptcy petitions.

11. Nottingham was owned as of the date of filing by Rosario Caridi and Ricky Caridi, Jr.

12. The overwhelming majority of the real property formerly owned by the Friar Tuck entities was transferred by deed in lieu of foreclosure to USB Friar Tuck Reo, Inc., which is owned by Ulster Savings Bank. The deed was recorded on April 6, 2010.

13. The real property deeded over included the Conference Center which contained dining facilities, an indoor swimming pool, entertainment rooms, and a health club. Also transferred were the most of the buildings which formerly contained the time share units, the overwhelming majority of the grounds and common areas, including the former golf course, outdoor pool area, and tennis court arrears. The real property deeded over to USB Friar Tuck Reo, Inc. has been cut off from any form of usage by Nottingham or by Friar Tuck Resorts, Inc., Friar Tuck Inn of the Catskills, Inc, and Buckingham Village Resorts, Inc.

14. The real property not deeded over to USB Friar Tuck Reo, Inc. and still owned in some combination by the interrelated entities, based upon my visual inspection, appears to be a small percentage of the former resort facility. This area includes a small number of lodging units and appears to be bereft of dining facilities and contains, at best, minimal common areas and recreational areas.

15. The Trustee asserts in the underlying adversary proceeding that Nottingham is the sole shareholder or majority shareholder of Friar Tuck Resorts, Inc., Friar Tuck Inn of the Catskills, Inc, and Buckingham Village Resorts, Inc.

16. Nottingham's claim to sole ownership or, in the alternative, majority ownership is

based upon documents prepared by or on behalf of Nottingham and the defendant entities prior to its Chapter 11 filing.

17. The adversary complaint filed herein outlines the documents that the Trustee is relying on to establish ownership. The documents consist of a Management Agreement, U.S. Corporation Tax Returns, and an Independent Auditor's Report. Each document sets forth that Nottingham is either the sole shareholder or, in the alternative, the majority shareholder of defendants Friar Tuck Resorts, Inc., Friar Tuck Inn of the Catskills, Inc, and Buckingham Village Resorts, Inc.

18. The Trustee was unaware of Nottingham's ownership interest in defendants Friar Tuck Resorts, Inc., Friar Tuck Inn of the Catskills, Inc, and Buckingham Village Resorts, Inc. at the time of conversion. It was only upon the assembling and review of documents obtained from various parties during administration of the case that the Trustee reached the conclusion that Nottingham is the owner of the three (3) defendants.

19. Upon information and belief, Nottingham's ownership of Friar Tuck Inn of the Catskills, Inc. was not disclosed to this Court during the pendency of Friar Tuck Inn of the Catskills, Inc.'s Chapter 11 case, which was dismissed earlier this year.

20. The ownership of a majority of the shares by one corporation in another corporation creates a parent and subsidiary relationship.

21. Subsidiaries cannot act without authorization from their corporate parents.

22. Friar Tuck Resorts, Inc., Friar Tuck Inn of the Catskills, Inc, and Buckingham Village Resorts, Inc. are subsidiaries of Nottingham.

### APPLICATION FOR THIS ORDER TO SHOW CAUSE

23. Defendants Friar Tuck Resorts, Inc., Friar Tuck Inn of the Catskills, Inc, and Buckingham Village Resorts, Inc. have continued to operate since the date of conversion of Nottingham from Chapter 11 to Chapter 7.

24. This Application for this Order to Show Cause seeks the immediate closure and cessation of operations by defendants Friar Tuck Resorts, Inc., Friar Tuck Inn of the Catskills, Inc, and Buckingham Village Resorts, Inc.

25. If the Trustee prevails on this Application, the remaining pieces of the time share resort would cease operation pending a final determination of the instant adversary proceeding and the shares of Friar Tuck Resorts, Inc., Friar Tuck Inn of the Catskills, Inc, and Buckingham Village Resorts, Inc. would be put up for sale by the Trustee pending a final determination of the instant adversary proceeding.

26. The prior owners, Rosario Caridi and Ricky Caridi, Jr. have continued activities on behalf of the three (3) entities even though ownership and control passed by operation of law to the Trustee of Nottingham. Their activities occur in the small percentage of real property remaining that was not deeded over to USB Friar Tuck Reo, Inc.

27. These activities are not sanctioned by the Trustee.

28. When the corporate parent's case is converted to a Chapter 7, the activities of the subsidiaries must also cease. Conversion of the parent corporation's case from Chapter 11 to Chapter 7 transfers ownership and control of the assets of subsidiaries from its prior controlling shareholders to the Chapter 7 Trustee of the parent corporation.

29. Indeed, Friar Tuck Resorts, Inc. has not ceased operation. Its Board of Directors, either consisting of Rosario Caridi and Ricky Caridi, Jr., or controlled by the Caridi family, has retained Francis Brennan, Esq., who has brought a Motion in this Court to compel rejection of a Management Agreement between made between Nottingham and Friar Tuck Resorts, Inc. The Trustee has opposed their Motion asserting that Nottingham is the sole shareholder or, in the alternative, the majority shareholder of Friar Tuck Resorts, Inc. and as the "control" person did not approve

of the initiation of the Motion. This Motion is currently pending before this Court.

30. The roll of a Chapter 7 Trustee is to liquidate non-exempt assets for the benefit of the creditors.

31. The Trustee believes that the Estate's ownership interest as sole shareholder, or in the alternative, as majority shareholder of Friar Tuck Resorts, Inc., Friar Tuck Inn of the Catskills, Inc, and Buckingham Village Resorts, Inc. are property of the Nottingham Estate, pursuant to 11 U.S.C. section 541 and can (and should) be sold with Court approval either through a private sale to a purchaser for value or through an auction sale.

32. Allowing defendants Friar Tuck Resorts, Inc., Friar Tuck Inn of the Catskills, Inc, and Buckingham Village Resorts, Inc. to continue to operate pending a final determination of the instant adversary proceeding reduces the value of all three (3) corporations in a subsequent sale.

33. Further, allowing defendants Friar Tuck Resorts, Inc., Friar Tuck Inn of the Catskills, Inc, and Buckingham Village Resorts, Inc. to conduct even limited activities pending a final determination of the instant adversary proceeding exposes the Trustee and the creditors to untold risks and liabilities through actions affirmatively being taken by third parties under the control of Rosario Caridi and Ricky Caridi, Jr.

34. The Trustee has not sought nor will the Trustee seek authorization in this case to become an Operating Trustee as defined by 11 U.S.C. section 704(8).

35. The Trustee believes that it is in the best interests of the Estate for defendants Friar Tuck Resorts, Inc., Friar Tuck Inn of the Catskills, Inc, and Buckingham Village Resorts, Inc. to immediately cease operation and be closed down.

36. If debtor's principals seek to control the remaining pieces of Friar Tuck, and operate the remnants of a time share facility on the small tracts of land remaining that have not been deeded over to USB Friar Tuck Reo, Inc., it would be in their respective

Case 10-90120-1-rel    Doc 6    Filed 08/27/10    Entered 08/27/10 15:35:59    Desc Main
Document      Page 7 of 7

interests to make an offer to the Trustee, subject to Court approval, to buy out the Trustee's interest in Friar Tuck Resorts, Inc., Friar Tuck Inn of the Catskills, Inc, and Buckingham Village Resorts, Inc.

WHEREFORE, your deponent requests that the Court issue an Order Show Cause directing defendants Friar Tuck Resorts, Inc., Friar Tuck Inn of the Catskills, Inc., and Buckingham Village Resorts to show cause why an Order should not be entered determining that the Trustee of Nottingham Village Development Corporation is the sole shareholder, or in the alternative, majority shareholder of each of the three defendant corporations pending a final determination of the instant adversary proceeding, and to show cause why defendants Friar Tuck Resorts, Inc., Friar Tuck Inn of the Catskills, Inc., and Buckingham Village Resorts should not immediately cease operation pending a final determination of the issues raised in this adversary proceeding, pending a final determination of the instant adversary proceeding.

_____
Marc S. Ehrlich

Sworn to before me the 27th day of August, 2010

_____
Notary Public

N:\Nancy\Nancy\OTSC\Nottingham Close Down Subsidiaries